UNITED STATES of America, Appellee,

v.

Albert Arlington GIBSON, Jr., Defendant-Appellant.

No. 1367, Docket 85–1059.

United States Court of Appeals, Second Circuit.

Argued July 18, 1985.

Decided Aug. 8, 1985.

Emanuel A. Moore, New York City, for defendant-appellant.

Michael Kellogg, Asst. U.S. Atty., S.D. N.Y., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Robert Garcia, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before PIERCE and PRATT, Circuit Judges, and STEWART, District Judge *.

PER CURIAM:

Albert Arlington Gibson, Jr., appeals from a judgment entered in the United States District Court for the Southern District of New York, convicting him on two counts of obtaining student loans by fraud and false statement, 20 U.S.C. § 1097(a), and two counts of using a false social security number to obtain benefits to which he was not entitled, 42 U.S.C. § 408(g).

Briefly summarized, the government's evidence at trial tended to show that in 1974, Gibson defaulted on a loan in the amount of $1,500, made under the federal Guaranteed Student Loan Program ("GSLP"). He remained in default at all relevant times, and accordingly was ineligible for further federally-guaranteed student loans, including GSLP loans and Auxiliary Loans to Assist Students ("ALAS").

In 1981, Gibson applied for GSLP and ALAS loans. When his social security number was entered into the computer files of the New York State Higher Education Services Corporation ("Corporation"), the entity responsible for administering federal student loan programs in New York, his prior default was disclosed and the loans were denied. Gibson was informed by letter of the reasons for the denial.

In 1982, Gibson again applied for GSLP and ALAS loans. This time, however, he used the social security number of his deceased father on the application instead of his own. The Corporation's computer revealed no default upon entry of his father's number, and Gibson received $8,000 in loans. In 1983, Gibson again applied for GSLP and ALAS loans, and again used his father's social security number, receiving $8,000 in loans.

The jury found Gibson guilty on all counts charged, and the court sentenced him to two years imprisonment on each count, to run concurrently, on condition that he serve three months in a jail-type institution; the remainder of the sentence was suspended and Gibson was placed on probation for twenty-one months.

On appeal, Gibson argues inter alia that he was improperly convicted on the two counts charging violation of 20 U.S.C. § 1097(a), obtaining student loans by fraud and false statement. This argument derives from the language of section 1097(a), which provides criminal penalties for one who:

knowingly and willfully embezzles, misapplies, steals, or obtains by fraud, false

* Of the Southern District of New York, sitting by designation.

**308**

statement, or forgery any funds, assets, or property provided or insured under this subchapter *and* part C of subchapter I of chapter 34 of Title 42....

20 U.S.C. § 1097(a) (1982) (emphasis added).

The words "this subchapter" refer to subchapter IV of chapter 28, title 20, United States Code, covering inter alia student loans under the GSLP and ALAS programs. The words "part C of subchapter I of chapter 34 of Title 42" refer to the federal work-study program. Taken literally, the language of section 1097(a) would provide criminal penalties for one who embezzles, etc., funds covered by *both* "this subchapter" *and* "part C of subchapter I of chapter 34 of Title 42"; that is, funds provided or insured under both the federal student loan programs and the federal work-study program. We are unaware of the existence of any such funds, nor has Gibson or the government directed our attention to the existence of such funds.

Accordingly, we conclude that the literal language of section 1097(a) is ambiguous. This does not, however, require us to reverse the jury's verdict of guilty on the section 1097(a) counts, for the congressional intent underlying the section is clear. As enacted by Congress, the section provides criminal penalties for:

> [a]ny person who knowingly and willfully embezzles, misapplies, steals, or obtains by fraud, false statement, or forgery any funds, assets, or property provided or insured under *this title*....

Education Amendments of 1980, Pub.L. No. 96–374, § 451(a), 94 Stat. 1367, 1453 (emphasis added). The words "this title" refer to title IV of the Higher Education Act of 1965, Pub.L. No. 89–329, 79 Stat. 1219, which covers both student loans and work-study funds. When the section was codified in title 20, the words "this section" were replaced by "this subchapter and part C of subchapter I of chapter 34 of Title 42." Clearly, what was intended, though it may not have been properly expressed, was to cover both student loans and work-study funds.

This reading of the statute is further supported by a contemporaneous House Report, which stated: "Section [1097] extends the criminal penalties contained in current law under the Guaranteed Student Loan program to all programs in Title IV." H.Rep. No. 520, 96 Cong., 2d Sess. 46 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 3141, 3186.

Because we believe the legislative intent to be clear, the rule of lenity has no application here. *See Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980). Section 1097(a) plainly provides independent protection for the student loan and work-study programs; the error of a scrivener in using the word "and" rather than "or" need not disturb our conclusion herein.

We have examined Gibson's remaining claims of error and find them to be without merit. The judgment of conviction is affirmed.